**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION**

| | | |
|---|---|---|
| **KARSTEN O. ALLEN,** | ) | |
| **Plaintiff,** | ) | **Civil Action No. 7:23cv00163** |
| | ) | |
| **v.** | ) | **MEMORANDUM OPINION** |
| | ) | |
| **LT. SMITH, et al.,** | ) | **By:  Robert S. Ballou** |
| **Defendants.** | ) | **United States District Judge** |

     Karsten O. Allen, a Virginia inmate proceeding *pro se*, has filed a civil rights action under 42 U.S.C. § 1983, alleging excessive force by officers on or about January 3, 2023, resulting in injury, followed by deliberate indifference in failing to provide adequate medical treatment.  The defendants have filed a motion to revoke *in forma pauperis* status and dismiss the complaint without prejudice, based on 28 U.S.C. § 1915(g),  because Allen has previously had three suits dismissed for failure to state a claim, subjecting him to the requirement that he fully prepay the necessary filing fees when filing a civil rights action, which Allen has not done. For the reasons stated below, I grant the motion to dismiss.

     Allen filed this suit on March 20, 2023, along with a motion to proceed *in forma pauperis*.  The court conditionally filed the suit by order entered March 22, 2023.  The order directed Allen to file a trust account statement and statement of assets, among other instructions. The order also specifically advised Allen that

> [A] prisoner may not bring a civil action without complete
> prepayment of the appropriate filing fee and . . . administrative fee,
> if the prisoner has brought on three or more occasions, an action or
> appeal in a federal court that was dismissed as frivolous, malicious,
> or for failure to state a claim upon which relief may be granted,
> unless the prisoner is in imminent danger of serious physical
> injury.

Order, March 22, 2023, ¶ 5, ECF No. 3.

Allen returned his trust account form and statement of assets, and the court directed him to sign and return a consent to have the filing fee withheld from his trust account in installments, which would complete his application to proceed *in forma pauperis*.  This order also advised Allen that his ability to proceed *in forma pauperis* would be limited if he had three prior civil rights actions or appeals that had been dismissed for failure to state a claim for which relief could be granted.  Order, April 20, 2023, ¶ 5, ECF No. 5.  Allen returned the consent form, and the court granted his motion to proceed *in forma pauperis*.  The court did not realize that Allen had previously had several matters dismissed for failure to state a claim.

On May 5, 2023, Allen filed a motion for preliminary injunction, asking the court to order defendants to send him to a spine specialist and to grant him unrestricted access to medical services at Wallens Ridge State Prison.  In opposition to the motion, defendants filed the affidavit of C. Collins, R.N., the Nurse Supervisor at Wallens Ridge State Prison, along with Allen's medical records for medical treatment following the January 3, 2023, incident.

The defendants subsequently filed a motion to revoke Allen's *in forma pauperis* status and to dismiss the suit because Allen is not eligible for *in forma pauperis* status under 28 U.S.C. § 1915(g) and failed to pay the filing fee up front.  Prior to filing this action, Allen had already had three cases dismissed by the district court, without prejudice, and two appeals dismissed by the Fourth Circuit Court of Appeals for failure to state a claim upon which relief may be granted: *Allen v. Coleman*, No. 7:21cv241, 2022 WL 885906 (W.D. Va. March 25, 2022), *aff'd*, No. 22-6469, 2022 WL 112255 (4th Cir. Nov. 22, 2022); *Allen v. Fields*, No. 7:21cv244, 2022 WL 885775 (W.D. Va. March 25, 2022), *aff'd*, No. 22-6473, 2022 WL 17103842 (4th Cir. Nov. 22, 2022); and *Allen v. Sater*, No. 7:21cv230, 2022 WL 2806469 (W.D. Va. July 18, 2022), *aff'd*,

No. 22-6930, 2023 WL 3055224 (4th Cir. April 24, 2023)[1].  Under 28 U.S.C. § 1915(g), Allen cannot proceed with this suit because he did not prepay the filing fee, unless he is in imminent danger of serious physical injury.  The "three-strikes" provision is mandatory.  *Blakely v. Wards*, 738 F.3d 607, 619 (4th Cir. 2013) (Wilkinson, J., concurring).  A dismissal for failing to state a claim counts as a strike whether the dismissal is with prejudice or without prejudice.  *Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721, 1723 (2020).

Allen's complaint does not show an imminent danger of serious physical injury as required to avoid the harsh effects of § 1915(g).  The excessive force occurred in the past, and imminent danger refers to future harm, not providing redress for harms that have already occurred. *Hall v. United States*, 44 F.4th 218, 224 (4th Cir. 2022) (noting that "past allegations of danger or threats of harm *on their own* are insufficient to satisfy the [imminent danger] exception.").  Nor do his claims of inadequate medical treatment rise to the level of "imminent danger of serious physical injury."

Even considering the allegations made in connection with his motion for preliminary injunction,  Allen has not alleged any facts suggesting an actual, non-speculative risk of serious or irreparable harm in the immediate future.  The mere possibility of irreparable harm at some remote time is not sufficient.  *DiBiase v. SPX Corp.*, 872 F.3d 224, 230 (4th Cir. 2017).  The imminent danger exception must be construed narrowly and applied only "for genuine emergencies [in which] time is pressing."  *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002).  The medical records attached with Nurse Collins' affidavit establish that medical staff (either

---

[1] The appellate order dismissing this suit was entered after this action was filed; nonetheless, five dismissal orders had been entered before this action was filed, three by the district court and two by the appellate court. Noting that the statute treats the trial and appellate stages of litigation as distinct, the United States Supreme Court held that a case dismissed by the district court counted as a strike, even though the case was on appeal when the next action was filed.  *Coleman v. Tollefson*, 575 U.S. 532, 537 (2015).

3

doctor, nurse, or physical therapist) saw Allen 42 times between January 3, 2023, and June 20, 2023.  Cervical x-rays taken on March 23, 2023, showed arthritis, but spinal alignment was normal, and his neck exam was normal.  Although Allen had neck surgery for a pre-existing pinched nerve in his neck at some time before January 2023, the cervical x-rays were consistent with prior films made in July 2022, months before the alleged injury of January 3, 2023.  Allen is also scheduled to see an orthopedic doctor.  Allen claims that this is for the scoliosis in his low back, not for his neck, but Dr. Mullins has advised Allen to discuss his neck concerns with the orthopedic physician.  Disagreement with the treatment recommended by the prison doctors does not satisfy the imminent danger requirement.  *Renoir v. Mullins*, No. 7:06cv00474, 2006 WL 2375624 (W.D. Va. Aug. 14, 2006).

Because Allen has had three or more prior civil rights actions dismissed for failing to state a claim upon which relief may be granted, and he has not demonstrated imminent danger of serious physical harm, he is not entitled to proceed without prepayment of filing fees.  When an inmate may not proceed *in forma pauperis* because of the three-strike rule, and the filing fee has not been prepaid, "the proper procedure is for the district court to dismiss the case without prejudice."  *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002).  He may not pay the filing fee after being denied *in forma pauperis* status but "must pay the filing fee at the time he *initiates* the suit."  *Id.*

I will grant the motion to revoke Allen's *in forma pauperis* status and dismiss his complaint without prejudice.  Allen's motion for preliminary injunction will be dismissed.  An appropriate order will be entered.

Enter:  April 2, 2024

/s/ Robert S. Ballou

Robert S. Ballou
United States District Judge

4

United States District Judge