CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

December 02, 2024
LAURA A. AUSTIN, CLERK
BY: /s/T. Taylor
     DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| KARSTEN O. ALLEN ) | |
|     Plaintiff, ) | Civil Action Nos. 7:23cv00163 |
| ) | |
| v. ) | MEMORANDUM OPINION |
| ) | |
| LT. SMITH, et al., ) | By:  Robert S. Ballou |
|     Defendants. ) | United States District Judge |

Karsten O. Allen, a Virginia inmate proceeding *pro se*, previously filed this civil rights action under 42 U.S.C. § 1983, which this court dismissed on April 2, 2024, pursuant to 28 U.S.C. § 1915(g), finding that Allen had filed three or more "strikes," i.e., prior civil rights actions that were dismissed for failing to state a claim upon which relief may be granted. Allen did not appeal the judgment. He has now filed a motion to vacate the earlier judgment under FED. R. CIV. P. 60(b)(6), arguing that the prior dismissals should not count as "strikes" within the meaning of the Prison Litigation Reform Act. For the reasons set forth below, Allen's motion will be denied.

Rule 60(b) identifies a limited number of circumstances in which a party can seek relief from an adverse final judgment. *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005). The final subpart, Rule 60(b)(6), has been referred to as a "catchall provision," because it authorizes a district court to grant relief from final judgment "for any other reason that justifies relief." *Aikens v. Ingram*, 652 F.3d 496, 500 (4th Cir. 2011). Notwithstanding the potentially broad text, courts strictly interpret Rule 60(b)(6). Rule 60(b)(6) is not available if the more specific provisions of Rule 60(b)(1) through (5) could apply. *Kemp v. United States*, 596 U.S. 528, 532 (2022). Further, a litigant seeking relief under Rule 60(b)(6) must show "extraordinary

circumstances" to justify reopening a final judgment. *Gonzalez*, 545 U.S. at 535; *Aikens*, 652 F.3d at 500.

A motion under Rule 60(b) is not a substitute for an appeal. *Aikens*, 652 F.3d at 502. Nor is such a motion the appropriate vehicle for raising new legal arguments that could and should have been made earlier. *Word Seed Church v. Village of Homewood*, 43 F.4th 688, 691 (7th Cir. 2022). Neither of those situations constitute extraordinary circumstances under Rule 60(b)(6).

When the defendants filed their motion to dismiss, raising the three strikes rule, Allen had the opportunity to argue why his prior dismissals should not count as strikes. He argued that one of the three prior cases, *Allen v. Sater*, No. 7:21cv230, 2022 WL 2806469 (W.D. Va. July 18, 2022), was still pending on appeal when the current cases were filed, and therefore, should not count as a strike. (No. 7:22cv00722, ECF Nos. 31-1 & 40-1; No. 7:22cv00163, ECF No. 26-1.) Although Allen's argument was logically presented, it had been rejected by the United States Supreme Court in *Coleman v. Tollefson*, 575 U.S. 532, 537 (2015). Further, he did not appeal this court's decision that *Sater* counted as a strike.

In his motion to vacate, Allen makes a new argument, namely that some of the claims in his prior cases were dismissed on qualified immunity or other grounds, not because he failed to state a claim that could establish a violation of his rights. Because he should have raised this argument earlier, it is not an appropriate extraordinary circumstance for a motion to vacate. Even had he raised it earlier, the argument fails on the merits.

Allen correctly notes that the entire case must be dismissed before it can count as a strike. *See Tolbert v. Stevenson*, 635 F.3d 646, 651 (4th Cir. 2011) (holding that "§ 1915(g) requires that a prisoner's entire 'action or appeal' be dismissed on enumerated grounds in order to count as a strike."). Allen tries to stretch this rule beyond what the court intended. All three prior cases

were dismissed, in toto, on Rule 12(b)(6) Motions to Dismiss. Such motions are, by definition, motions alleging that the complaint fails "to state a claim upon which relief may be granted." FED. R. CIV. P. 12(b)(6). Each prior case contained multiple claims. Some claims were dismissed because the conduct he complained of did not amount to a constitutional violation; for example, allegations that an officer filed false disciplinary complaints against him did not state a cognizable § 1983 claim. *Sater*, 2022 WL 2806469 at *7; *Allen v. Fields*, No. 7:21cv00244, 2022 WL 885775, at *5 (W.D. Va. March 25, 2022); *Allen v. Coleman*, No. 7:21cv00241, 2022 WL 885096, at *5 (W.D. Va. March 25, 2022). His procedural due process challenges to disciplinary proceedings were dismissed, citing (among other cases) *Heck v. Humphrey*, 512 U.S. 477, 487 (1994), because his disciplinary convictions had not been set aside, an essential element of such a claim. *Coleman,* 2022WL 885096 at *5; *Sater*, 2022 WL 2806469 at *6. Other due process claims were dismissed because he failed to establish a protected liberty or property interest. *Fields*, 2022 WL 885775 at *5. Some claims were dismissed on the alternative basis of qualified immunity because caselaw in this district is inconsistent on whether assessment of small fines impinges an inmate's property interests. *Coleman*, 2022 WL 885096 at *4; *Sater*, 2022 WL 2806469 at *6. Regardless of *why* the claims failed to state a valid claim, all three cases were completely dismissed because none of the allegations stated a claim for which relief could be granted.

      I will deny Allen's motions to vacate the prior judgment.

      An appropriate order will be entered.

Enter: December 2, 2024

/s/ Robert S. Ballou

Robert S. Ballou
United States District Judge